IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 29, 2018 Session

## JASON KEENAN v. JEFFERY L. HOLLIFIELD

**Appeal from the Circuit Court for Knox County**
**No. 1-127-16     Kristi M. Davis, Judge**

_____

### No. E2017-02047-COA-R3-CV

_____

Jason Keenan sued Jeffrey L. Hollifield for damages arising out of a two-vehicle collision on Interstate 40 in Knox County. By way of an order entered August 9, 2017, the plaintiff took a voluntary nonsuit, pursuant to the provisions of Tenn. R. Civ. P. 41.01(1). On the same date, the defendant filed a motion for discretionary costs. Following a hearing on September 8, 2017, the trial court, in an order entered September 15, 2017, denied the defendant's motion. Defendant appeals, arguing that he is entitled to discretionary costs of $814.66. We reverse the trial court's judgment and award the defendant discretionary costs of $814.66.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and BRANDON O. GIBSON, J., joined.

Terrill L. Adkins, Knoxville, Tennessee, for the appellant, Jeffery L. Hollifield.

Ameesh A. Kherani, Knoxville, Tennessee, for the appellee, Jason Keenan.

### OPINION

### I.

The relevant facts pertaining to the defendant's motion for discretionary costs are not in dispute. The issue is addressed in the trial court's order of September 15, 2017,

-1-

which was drafted by counsel for the defendant. In that order, the trial court states the following:

> …the Defendant filed a timely and properly supported motion for discretionary costs demonstrating (1) that the defendant is the prevailing party under Tennessee law, (2) that the discretionary costs being sought are contemplated by and included in *Tenn. R. Civ. P.* 54.04(2), (3) that the costs were necessary and reasonable, and (4) that the Defendant has not engaged in conduct during the litigation that would justify depriving [him] of the costs the Defendant is requesting…

Following these finding by the trial court, the court added the following by typewritten material: "…this Court, as a general matter, will not grant discretionary costs in response to a plaintiff's voluntary dismissal unless there are special circumstances that would justify an award of discretionary costs." In the margins of the order, the trial court penned the following:

> Otherwise, this court views the taxing of discretionary costs following a routine voluntary dismissal as being punitive against the party who, after fully evaluating the case, concludes it is not prudent to continue the claim. In this case, for example, counsel for the plaintiff stated that the decision to voluntarily dismiss the case was made after completion of discovery depositions and a full opportunity to evaluate the claim. The court disagrees, in general, with the defendant's argument that discretionary costs should always be granted to a prevailing party upon a showing of the reasonableness and necessity of the costs and compliance with the other factors identified in ***Massachusetts Mut. Life Ins. Co. v. Jefferson***, 104 S.W.3d 13, 35-36 (Tenn. Ct. App. 2002).

The trial court signed the order and initialed the addition of the penned material.

## II.

The issue in this case brings into sharp focus Tenn. R. Civ. P. 54.04. Subsection (2) of that rule, in pertinent part, provides as follows:

> Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary

costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials, reasonable and necessary interpreter fees not paid pursuant to Tennessee Supreme Court Rule 42, and guardian ad litem fees; travel expenses are not allowable discretionary costs. Subject to Rule 41.04, a party requesting discretionary costs shall file and serve a motion within thirty (30) days after entry of judgment. The trial court retains jurisdiction over a motion for discretionary costs even though a party has filed a notice of appeal. *The court may tax discretionary costs at the time of voluntary dismissal*….

Tenn. R. Civ. P. 54.04(2) (emphasis added). The purpose of this provision is not to punish the losing party, but rather to help make the prevailing party whole. ***Boggs v. Rhea***, 459 S.W.3d 539, 543 (Tenn. Ct. App. 2014) (citing ***Owens v. Owens***, 241 S.W.3d 478, 497 (Tenn. Ct. App. 2007)). In ***Boggs***, we acknowledged that our review, as an appellate court, is to determine whether the trial court, in addressing the issue of Tenn. R. Civ. P. 54.04(2) costs, abused its discretion. ***Boggs***, 459 S.W.3d at 547. We noted that "[t]he particular equities of the case may influence a trial court's decision to award discretionary costs." ***Id***. (citing ***Perdue v. Green Branch Min. Co.***, 837 S.W.2d 56, 60 (Tenn. 1992).

### III.

In the case at bar, there is nothing in the record to suggest that the trial court considered the equities in this case. On the contrary, the court appears to have created a blanket rule, *i.e.* no discretionary costs awarded when a plaintiff takes a voluntary nonsuit. We recognize the trial court's caveat of "unless there are special circumstances;" however, if this were to be a meaningful exception, the facts of this case would seem to fit into this caveat – a timely-filed motion, a miniscule amount of reasonable expenses, a prevailing party, and no fault on the party seeking the award.

The trial court's essentially blanket rule is not contemplated by the language of the Tenn. R. Civ. P. 54.04(2). On the contrary, the rule expressly states "[t]he court may tax discretionary costs at the time of voluntary dismissal."

In view of the trial court's rule regarding nonsuited cases, we conclude that the trial court did not engage itself in a meaningful discretionary analysis. We conclude that the language of the pertinent rule, the facts of the case, and the equities of the case, mandate that the defendant be awarded discretionary costs in the amount of $814.66.

## IV.

The judgment of the trial court is reversed and this case is remanded to the trial court for the entry of a judgment awarding the appellant Jeffrey L. Hollifield discretionary costs in the amount of $814.66. Costs of the appeal taxed to the appellee Jason Keenan.

_____
CHARLES D. SUSANO, JR., JUDGE